FILED
2011 May-26  AM 10:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| SHAWN KEVIN EDLIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.:  4:11-CV-335-VEH** |
| | ) | |
| CITY OF GADSDEN, ALABAMA, a | ) | |
| municipal corporation, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Shawn Kevin Edlin ("Mr. Edlin") initiated this case on December 29, 2010, against several different defendants, in the Circuit Court of Etowah County, Alabama.  (Doc. 1 at Ex. A).  On January 31, 2011, Defendant City of Gadsden removed the lawsuit to this court on the basis of federal question jurisdiction.  (Doc. 1 at 4 ("The U.S. District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331.")).

Pending before the court is a Motion to Dismiss First Amended Complaint filed by Defendant  Etowah County Sheriff Todd Entrekin ("Sheriff Entrekin") (Doc. 27) (the "Motion") filed on April 21, 2011.  Mr. Edlin did not file any opposition to the

Motion, and it is now under submission.  For the reasons explained below, the Motion is **GRANTED**.

## II.    APPLICABLE STANDARDS

### A.    Motion to Dismiss

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the

2

assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## B.    Qualified Immunity

Qualified immunity may be claimed by an individual defendant who is being sued personally for actions that he or she took while acting under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Qualified immunity is a question of law to be decided by the court prior to trial. It is designed to allow officials who are entitled to qualified immunity to avoid the expense and disruption of going to trial, and is not merely a defense to liability. *Ansley v. Heinrich*, 925 F.2d 1339, 1345

(11th Cir. 1991).

The Supreme Court has referred to the qualified immunity analysis as the "objective-reasonableness" test. *Harlow*, 457 U.S. at 815-19.  Under this test, public officials performing discretionary functions which would objectively appear to be within the official's authority have qualified immunity if the challenged conduct did not violate a clearly established constitutional right of which a reasonable person would have known, given the circumstances and information possessed by the official at the time of the conduct. *Id.* at 818.

The objective-reasonableness test is a two-part analysis.  First, the defendant public official must prove that he was performing duties within the scope of his discretionary authority when the alleged violation occurred.  *Hutton v. Strickland*, 919 F.2d 1531, 1537 (11th Cir. 1990) (citations omitted).  A government official may prove that he was acting within the scope of his authority by showing facts and circumstances that would indicate that his actions were part of his normal job duties and were taken in accordance with those duties.  *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988);  *Cronen v. Texas Dep't of Human Services*, 977 F.2d 934, 939 (5th Cir. 1992) ("An official acts within his discretionary authority when he performs non-ministerial acts within the boundaries of his official capacity.").

Once the defendant proves that he was acting within his discretionary authority,

4

the burden then shifts to the plaintiff to prove that the defendant did not act in good faith. *Hutton*, 919 F.2d at 1537. The plaintiff may meet this burden by establishing that "the defendant public official's actions 'violated clearly established constitutional law.'" *Id.* (citations omitted). The second prong of the objective-reasonableness test has two sub-parts. *Id.* at 1538. First, the court must find that the constitutional law in question was clearly established when the alleged violation occurred. *Id.* Second, the court must find that "there is a genuine issue of fact regarding the government official's engaging in conduct violative of the clearly established law." *Id.*

"Clearly established" means that "[t]he contours of the [violated] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent. *Id.* (citations omitted). Under this standard, qualified immunity is available to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

To defeat a qualified immunity defense, the plaintiff bears the burden of showing that the "legal norms allegedly violated by the defendant were clearly

established at the time of the challenged actions or, . . . the law clearly proscribed the actions the defendant took." *Barts v. Joyner*, 865 F.2d 1187, 1190 (11th Cir. 1989), *cert. denied*, 493 U.S. 831 (1989) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985)).

In determining whether the plaintiff meets this burden in the context of a motion to dismiss, the court is guided by the Eleventh Circuit's recent holding in *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010), which clarifies that <u>the heightened pleading rule no longer applies to civil rights cases in which a qualified immunity defense is asserted</u>:

> While *Swann*, *GJR*, and *Danley* reaffirm application of a heightened pleading standard for § 1983 cases involving defendants able to assert qualified immunity, <u>we agree with Randall that those cases were effectively overturned by the *Iqbal* court</u>. <u>Pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in *Iqbal*</u>. A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief. . . .
>
> After *Iqbal* it is clear that there is no "<u>heightened pleading standard</u>" <u>as it relates to cases governed by Rule 8(a)(2), including civil rights complaints</u>. All that remains is the Rule 9 heightened pleading standard.

*Randall*, 610 F.3d at 709-10 (emphasis added) (footnote omitted).

6

### C.    Mr. Edlin's Failure to Oppose

Mr. Edlin's failure to file any opposition to Sheriff Entrekin's Motion is not without significant repercussions.  As explained by Judge Steele in *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, *1 (S.D. Ala. Nov. 27, 2007):

> Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ( "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

*Williams*, 2007 WL 4219201, at *1.

## III.    ANALYSIS

Mr. Edlin has filed suit under 42 U.S.C. § 1983 asserting violations under "the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and under common law of the State of Alabama[.]"  (Doc. 22 ¶ 1).

The incident stems from the arrest of Mr. Edlin on or about January 3, 2009. (Doc. 22 ¶ 3). In sum, Mr. Edlin maintains that he was improperly "assaulted and battered" during his arrest, that "he received insufficient and/or medical care[,]" and that "these violations were a result of defendant City, Chief, County, and Sheriff policies and/or customs failure or refusal to properly train, supervise or discipline their officers." (Doc. 22 ¶ 2).

### A.     Rule 12(b)(6)

In his Motion, Sheriff Entrekin asserts that, in his amended complaint, Mr. Edlin has failed to state a claim against him for the failure to provide medical assistance. (Doc. 27 ¶ 1). Sheriff Entrekin also contends that qualified immunity protects him from Mr. Edlin's pursuing any medical claims against him in his individual capacity. (*Id.* ¶ 2). Finally, Sheriff Entrekin points out again that all fictitious party pleading should be dismissed. (*Id.* ¶ 3).

Sheriff Entrekin is correct that Mr. Edlin's medical assistance claim is deficiently pled as it pertains to him. For the purpose of the Motion only, Sheriff Entrekin assumes that Mr. Edlin has established the serious medical need element (*i.e.*, his diabetes diagnosis) to his deliberate indifference claim. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs

8

amounts to an Eighth Amendment violation only if those needs are 'serious.'") (citation omitted).

However, Sheriff Entrekin contends that Mr. Edlin's allegations are still inadequate to support a deliberate indifference to a serious medical need claim. (Doc. 28 at 6). As Sheriff Entrekin more specifically explains, "[w]hile the Plaintiff has made conclusory allegations that the Sheriff was deliberately indifferent to the Plaintiff's diabetes, the Plaintiff has failed to allege that he was ever made of aware of the Plaintiff's diabetic condition." (*Id.*); *see also Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003) ("A Fourteenth Amendment violation occurs when a substantial risk of serious harm, of which the official is <u>subjectively aware</u>, exists and the official does not respond reasonably to the risk.") (emphasis added) (citation omitted); *id.* ("Furthermore, such risk must be an objectively substantial risk of serious harm to prisoners, and the prison official must respond to that risk in an <u>objectively unreasonable manner</u>.") (emphasis added) (citations omitted); *id.* ("Finally, a plaintiff must show that the constitutional violation caused the injury.") (citation omitted).

Preliminarily, within his medical assistance count, Mr. Edlin does not specifically delineate <u>who</u> allegedly failed to provide him with needed medical care. (Doc. 22 at 7 at count VIII ¶¶ 1-3). Therefore, the record is unclear whether Mr.

Edlin is even pursuing a deliberate indifference medical claim against Sheriff Entrekin.

Further, Mr. Edlin also does not assert that Sheriff Entrekin was present at the time of his detention or that he had some communications with the persons who detained him which made Sheriff Entrekin subjectively aware of Mr. Edlin's serious medical situation.  Additionally, the complaint does not indicate what Sheriff Entrekin objectively failed to do or how he otherwise acted in an unreasonable manner in terms of making sure that Mr. Edlin received appropriate medical treatment.  Therefore, insofar as Mr. Edlin has attempted to assert a deliberate indifference medical claim against Sheriff Entrekin, the Motion is **GRANTED**, and the claim is **HEREBY DISMISSED WITH PREJUDICE** for failure to state a claim <u>and</u> as unopposed.

## B.    Qualified Immunity

Additionally, any individual capacity claims against Sheriff Entrekin for deliberate indifference are subject to dismissal on the basis of qualified immunity. More specifically, because Mr. Edlin has not alleged any personal participation on the part of Sheriff Entrekin relating to his medical claim, to the degree one is even being pursued, it must be supervisory-based.  (Doc. 28 at 11).

Assuming without deciding that a supervisory liability claim survives post-

*Iqbal* (*see* Doc. 28 at 11-13), Mr. Edlin's individual capacity claims against Sheriff

Entrekin are due to be dismissed under the *Cottone*[1] supervisory standard:[2]

> A plaintiff can establish a causal relationship between a supervisory
> official's acts and the acts of his subordinates in three following ways:
> (1) the supervisor had notice of a widespread history of abuse which he
> neglected to correct, *Gonzales v. Reno*, 325 F.3d 1228, 1234 (11th Cir.
> 2003); *Cottone*, 326 F.3d at 1360; (2) the supervisor implemented a
> custom or policy that resulted in deliberate indifference to constitutional
> rights, *Gonzales* at 1234-35; *Cottone* at 1360; or (3) facts support "the
> inference that the supervisor directed subordinates to act unlawfully or
> knew that the subordinates would act unlawfully and failed to stop them
> from doing so." *Gonzales*, 325 F.3d at 1235.

(Doc. 28 at 14).

In this instance, none of these alternatives is satisfied. For example, Mr. Edlin

has not described a "widespread pattern of deputies or any other employees of the

Sheriff failing to provide medical care, failing to recognize medical conditions, or

failing to intervene when one needs medical care and is not receiving it." (Doc. 28

at 15). Mr. Edlin also has not asserted that the policies or directions of Sheriff

Entrekin caused his subordinates "to disregard [serious] medical conditions of

detainees." (Doc. 28 at 15). Finally, to the extent that Mr. Edlin attempts to rests his

§ 1983 supervisory liability claim on a lack of training or supervision, the action still

---

[1] *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003).

[2] Mr. Edlin does not dispute that Sheriff Entrekin was acting within his
discretionary authority.

fails because he has not directly linked those allegations to Sheriff Entrekin's inactions.

Accordingly, assuming that Mr. Edlin is attempting to assert a deliberate indifference medical claim against Sheriff Entrekin in his individual capacity, the Motion is **GRANTED**, and such claim is **HEREBY DISMISSED WITH PREJUDICE** on qualified immunity grounds <u>and</u> as unopposed.

### C.     Fictitious Pleading

Mr. Edlin has previously conceded that fictitious party pleading is not appropriate in federal court.  (Doc. 16 ¶ 6); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (stating that fictitious party practice is not permitted in federal court and plaintiff's failure to name parties required that the court strike parties).

However, within the caption of his amended complaint, Mr. Edlin has attempted to add as defendants, unidentified "**MEDICAL PERSONNEL ON SCENE**[.]" (Doc. 22 at 1).  Because such pleading is not permitted in federal court, the Motion is **GRANTED**, any such fictitious party reference is **HEREBY STRICKEN** from Mr. Edlin's pleading, and any claims purportedly asserted against

12

such unnamed persons are **HEREBY DISMISSED WITHOUT PREJUDICE**.

## IV.   CONCLUSION

Therefore, for the reasons stated above, the Motion is **GRANTED IN FULL**. Accordingly, insomuch as Mr. Edlin has asserted a medically-based claim of deliberate indifference against Sheriff Entrekin, such claim is **HEREBY DISMISSED WITH PREJUDICE**.   Further, all references relating to fictitious parties, including specifically Mr. Edlin's insertion of unidentified "**MEDICAL PERSONNEL ON SCENE**" in the case caption, are **HEREBY STRICKEN**, and any related fictitious party claims are, similarly, **HEREBY DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this the 26th day of May, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

13